GALVESTON, HARRISBURG AND SAN ANTONIO RAILWAY COMPANY v. GEORGE C. KING.

Decided January 24, 1906.

### 1.—Negligence—Pleading—Charge.

Charge (submitting issue of negligence in action by a conductor thrown from his caboose by sudden setting of air brakes caused by the train parting) compared with the pleadings and held to properly submit the issue there presented.

### 2.—Charge—Assuming Facts.

Charge considered and held not to assume the fact that plaintiff was thrown down by a sudden stopping of the train, but to leave such fact to the jury. Held also, that fact, being undisputed, might properly have been assumed.

### 3.—Negligence—Unusual Result.

A charge which permitted recovery only on proof that the injury was caused by negligence of defendant producing a sudden stopping of the train was not erroneous in failing to require the jury to find that the stop was unusual under the circumstances.

**4.—Damages—Personal Injury.**

Evidence in case of a railway conductor, 39 years old, and earning $150 per month, who had received painful injuries and permanent disablement, considered and held to support a recovery of $18,000.

Appeal from the District Court of Bexar. Tried below before Hon. Edward Dwyer.

*Newton & Ward, W. B. Teagarden* and *Baker, Bott, Parker & Garwood,* for appellant.—The court in its charge should only submit to the jury the acts of negligence alleged in the petition. It is reversible error to submit other or different acts of negligence in the charge than those alleged in the pleadings. Johnson v. Galveston, H. & N. Ry. Co., 66 S. W. Rep., 908; Gulf, C. & S. F. Ry. v. Vieno, 7 Texas Civ. App., 350; Missouri, K. & T. Ry. Co. v. Vance, 41 S. W. Rep., 168.

The charge of the court was erroneous and permitted the plaintiff to have a double recovery for his damages, in this, that the first part of the charge instructed the jury to allow the plaintiff full compensation for the injuries sustained and further instructed them that in estimating the damages they should take into consideration the mental and physical pain suffered, and then it instructed the jury that if they believed that if the injuries were permanent and would disable the plaintiff to earn money in the future, that then the jury should allow him fair compensation for diminished capacity to labor and earn money in the future; that the damages which the jury were allowed to award for diminished capacity were necessarily embraced and included in that part of the charge which instructed the jury to give full compensation for the injuries sustained and by not telling the jury that they might take into consideration, in allowing damages, the diminished capacity to labor and earn money like the charge did as to compensation for mental and physical pain suffered, the charge authorized a double recovery as to the compensation for diminished capacity to labor and earn money in the future and was therefore erroneous.

The court erred in overruling defendant's motion for a new trial, because the verdict and judgment are contrary to law and against the overwhelming weight of the facts, in this, they are grossly and unconscionably and palpably excessive and manifest passion, prejudice and improper motives on the part of the jury. San Antonio & A. P. Ry. Co. v. Connell, 66 S. W. Rep., 246.

*Perry J. Lewis* and *H. C. Carter,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee sued for damages, arising from personal injuries, and obtained a judgment for the sum of $18,000. We find that appellee was injured through the negligence of appellant by a defect in the drawhead of a car, by reason of which the train on which appellee was riding came asunder and the sundered cars were stopped with such violence that appellee was thrown from the cupola to the floor of the caboose. Other facts are found to exist in connection with a discussion of the fifth assignment of error.

The first, second and third assignments present as errors matters in

the first paragraph of the charge of the court. The first error presented is that the court did not submit to the jury the issue of negligence alleged in the petition. The petition set forth that appellee was a conductor on a freight train belonging to appellant; that as the train was leaving Eagle Lake, on the night of June 20, 1903, going east, the drawhead or drawbar, or that part of the coupling apparatus which was fastened in the body or timbers of the car near the engine, pulled out, and the air was thereby set on the rear part of the train, and it was brought to a sudden, violent, and unusual stop; and that appellee, who was in the act of ascending to the cupola of the caboose, was hurled violently to the floor of the caboose and injured. The court instructed the jury that if they believe appellee was a conductor and on a freight train that was leaving Eagle Lake, and that the drawbar on one of the cars near the engine pulled out, and that the pulling out of the drawbar set the air on the rear part of the train, and it was thereby brought to a sudden and violent stop, and that appellee was at that time in the act of ascending to the cupola of the caboose, and was thrown forward and injured as alleged in the petition, etc., then the jury should find for appellee. We do not see any variance between the issues raised by the petition and those presented to the jury by the court. The second objection is that the court assumed that appellee was hurled to the floor, and that objection is not supported by the record. It might, without error, have assumed that fact as the evidence on that point was uncontradicted.

Another objection is that the court authorized a recovery by appellee, if the rear end of the train was brought to a sudden and violent stop, regardless of whether the stop was an unusual one under the circumstances. The court made the liability hinge on proof that the sudden and violent stop was produced by the negligence of appellant, and proof of such negligence was sufficient whether such negligence usually produced such results or not. The charge on the measure of damages is attacked on the ground that it permits a double recovery. The charge is one in its substantial features often approved by the Appellate Courts. It does not authorize a double recovery of damages, and could not have misled a jury.

The fifth assignment is made the medium through which it is urged that "the verdict and judgment are contrary to law, and against the overwhelming weight of facts, in this, they are grossly and unconscionably and palpably excessive, and manifest passion, perjudice, and improper motive on the part of the jury, in this, that the overwhelming weight of the facts showed that at the time of the accident, plaintiff received nothing more than temporary and comparatively slight injuries from which he entirely recovered in a few weeks, and it is also palpably plain from the evidence that plaintiff did not sustain any serious or permanent injuries, and that he is not now suffering from any permanent injuries, but is guilty of fraud and deceit and malingering." We gain from this long proposition that the only ground of complaint against the verdict is that it is excessive, and a review of the testimony offered by appellee on the effects of the injury will be made. Appellee testified that he was born in April, 1864, and was hurt on June 20, 1903, and consequently was 39 years old at that time. His average wages were $150 a month. At the time the accident occurred appellee was ascending

to the cupola of the caboose, when the drawhead of a car pulled out at a point near the engine, and the air was thereby thrown on about 50 freight cars, that had become disconnected from the engine, with such violence that appellee, who was 6 or 7 feet from the floor was thrown with great violence to the floor at the end of the car, a distance of 15 feet. His head struck the end of the car, and he was unconscious for 10 or 15 minutes. He was confined for four months to his bed and it was seven or eight months before he could walk out of the house. One of his shoulders was knocked down so that it is two or three inches lower than the other, and he can not lift anything with that arm, and he constantly suffers with pain in the left side. His hearing has been greatly affected, and blood flowed from his ears for three or four months. He suffers greatly with nervousness and rests poorly at night. He is unable to walk for any great distance, and has heart trouble, and has no strength in the right side and arm. It was shown by physicians that appellee's pulse and heart rate and temperature were abnormal, that the spine had been fractured, that there was bleeding from the left ear and that his blood circulation is bad, and that he is permanently disabled and will always suffer. That there is partial paralysis of the muscles of the right arm, and his bladder is in a deranged condition. There was also evidence as to adhesions of the colon and spleen to each other and to the side. Dr. Morse, a specialist in eye and ear treatment, testified to the impaired condition of appellee's hearing. It was shown that appellee was a strong, healthy man, in full possession of all his senses before the accident. We can not, in view of the foregoing testimony, hold that the verdict is excessive. If as stated by appellants, plaintiffs in trial courts are permitted to argue to juries that they should render verdicts "for the very highest amounts" and that the courts can correct any excess, and especially if it was so argued in this case, such argument should be made the subject of bills of exception and the Appellate Court would find a way to protect appellants from the effect of such arguments. There is nothing in this case that shows that such an argument was made. The judgment is affirmed.

*Affirmed.*

Writ of error refused.